UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Cortez Maurice Crumble,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 18-17(1) ADM/KMM

___

Thomas Calhoun-Lopez, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Douglas Micko, Esq., Office of the Federal Defender, Minneapolis, MN, on behalf of Defendant.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Cortez Maurice Crumble's ("Crumble") Motion to Modify Sentence of Imprisonment [Docket No. 201]. Crumble requests a compassionate release sentence reduction under 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the Motion is granted.

## II. BACKGROUND

On November 23, 2017, Crumble and co-defendant Cedric Lamont Berry, Jr. ("Berry"), were involved in a bar fight in downtown Minneapolis. Presentence Investigation Report ("PSR") [Docket No. 163] ¶ 9. Following the fight, both Crumble and Berry left the bar, then fired several shots at a car as it sped from the bar's parking lot. Id. ¶ 10. They then got in a vehicle and fled. Id. The shootings were captured on surveillance video located outside the bar. Id. ¶ 10.

On January 23, 2018, both Crumble and Berry were charged with being felons in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). Indictment [Docket No. 1]. Crumble was arrested on January 31, 2018, but was ordered released to a halfway house and then to home incarceration based on his family circumstances. See Order [Docket No. 13] at 3; Order [Docket No. 58] at 3. The mother of Crumble's three children, then ages 11, 9, and 1, had died of pneumonia in late December, 2017, during the time between Crumble's shooting offense and the Indictment. PSR ¶ 59. After their mother's death, the children lived with Crumble, his mother, and his sister at Crumble's mother's house in Minneapolis. Crumble's release conditions made it possible for him to continue caring for his sons at his mother's house. Crumble remained on pretrial release through his trial.

On November 8, 2018, a jury found Crumble guilty of being a felon in possession of ammunition. See Verdict [Docket No. 128]. Following trial, Crumble was allowed to remain out of custody on the same conditions of his pretrial release. However, Crumble violated the conditions of his release by testing positive for marijuana on multiple occasions. See Order [Docket No. 141]. He was ordered to attend substance abuse treatment, but was unsuccessfully discharged from treatment due to repeatedly testing positive for marijuana. See Order [Docket No. 156]. Crumble was taken back into custody on April 24, 2019. See Min. Entry [Docket No. 159].

On May 28, 2019, Crumble was sentenced to a prison term of 63 months and 3 years of supervised release. Min. Entry [Docket No. 168]; Sentencing J. [Docket No. 169] at 2–3. The sentence was an upward departure from the sentencing guidelines range of 41 to 51 months. Sentencing Tr. [Docket No. 187] at 4, 13. The Court determined that the upward adjustment was

appropriate based on the seriousness of the offense, and also because Crumble had served a 60-month sentence for a felon-in-possession conviction previously, and that sentence had not deterred him from criminal conduct. Id. at 13–14. The Court acknowledged the role Crumble played in caring for his sons, and noted this responsibility would now fall mainly to his mother. The Court told Crumble: "[I]t is clear to me that you are a really important person in your family and that those boys need you and that you have made some significant efforts on that part. I think—my feeling is probably your mom is the one that ha[s] to really extend herself beyond what her expectations were for the next few years. But today I think my focus has to be, in large part, on the seriousness of the offense." Id. at 9–10. Crumble appealed his conviction and sentence, and the Eighth Circuit affirmed. See United States v. Crumble, 965 F.3d 642 (8th Cir. 2020).

On October 12, 2019, Crumble's mother died unexpectedly at age 52. See Def. Add. 5 [Docket No. 202, Attach. 5]. Since their grandmother's death, Crumble's three sons have been cared for by Crumble's sisters. Def. Adds. 7, 8 [Docket No. 202, Attachs. 7, 8]. Because of the difficulty of one sister managing all three boys, the boys had to be split up, with the two oldest sons living in a duplex with one of Crumble's sisters, and the youngest son living in a two-bedroom apartment with another of Crumble's sisters and her own two children. Id. The deaths of the children's mother and grandmother, the absence of their father, and their separation from each other has been challenging for Crumble's children. Id. The impact has been particularly hard for one son who has been diagnosed with depression and ADHD, and is struggling academically and emotionally in school. Id.

Crumble is currently incarcerated at Big Sandy Penitentiary in Inez, Kentucky ("Big Sandy USP") and has a projected release date of July 28, 2023. See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Apr. 26, 2021); Def. Add. 4 [Docket No. 202, Attach. 4] at 2. Adjusting for good time credit, he has completed approximately half of his sentence. Def. Add. 4 at 2.

While in custody, Crumble has availed himself of educational programs, including financial literacy courses, self-evaluative classes, and working to attain his GED. Def. Add. 2 [Docket No. 202, Attach. 2] at 2–3. He has incurred two minor disciplinary violations for being absent from his assignment, both occurring in the fall of 2019. Def. Add. 3 [Docket No. 202, Attach. 3].

Crumble now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Crumble, age 33, argues that the death of his children's primary caregiver—their grandmother—constitutes extraordinary and compelling circumstances warranting a sentence reduction.

Crumble also argues that he suffers from obesity and hypertension and is a former smoker, and that these conditions make him particularly vulnerable to severe illness or death if he were to contract COVID-19. Crumble contends these health conditions qualify as extraordinary and compelling reasons for release because the close confines in prison prevent him from mitigating the risk of contracting COVID-19. Big Sandy USP reports that are currently no active prisoner cases of COVID-19 and five active staff cases. See Federal Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited Apr. 26, 2021). Additionally, 133 inmates and 104 staff members previously tested positive for the virus

4

and have since recovered.  Id.  The COVID-19 vaccine became available to the Bureau of Prisons ("BOP") in recent months, and 143 staff members and 665 inmates at Big Sandy USP have now been fully vaccinated against the virus.  Id.  No inmates or staff members have died from COVID-19 at the facility.  Id.

Crumble asks that his sentence be modified to time served and, if the Court deems it necessary, that a new special condition of 12 months of home confinement be imposed as part of his supervised release.  Crumble's reentry plan, approved by the United States Probation Office, includes residing with his sister Glenisha and his three sons.  See Compass. Release Investig. [Docket No. 196].

The Government opposes Crumble's Motion.  While conceding that the death of Crumble's mother (the caregiver of his children) constitutes extraordinary and compelling circumstances, the Government argues that a sentence reduction is not warranted because Crumble would pose a danger to the community if released and that the § 3553(a) sentencing factors weigh against reducing his sentence.

### III.  DISCUSSION

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A).  Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement addressing sentence reductions under § 3582(c)(1)(A) defines "extraordinary and compelling" reasons to include serious medical conditions or cognitive impairments "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 comment n.1(A)(ii). "Extraordinary and compelling" reasons also include family circumstances in which the caregiver of the defendant's minor children has died or become incapacitated, or where the defendant's spouse or registered partner is incapacitated and the defendant is the only available caregiver. U.S.S.G. § 1B1.13 comment n.1(C). The policy statement also requires the court to determine that "[t]he defendant is not a danger to the safety of any other person or to the community" before a sentence reduction may be granted under § 3582(c)(1)(A). U.S.S.G. § 1B1.13(2).

A defendant may not bring a motion for compassionate release until after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Crumble has satisfied the exhaustion requirement because he filed a request for release with the Warden of his facility in September 2020, and the Warden denied the request on December 21, 2020. Def. Adds. 9, 10 [Docket No. 202, Attachs. 9, 10]. His motion is therefore ripe for review.

Crumble has also shown the existence of extraordinary and compelling reasons for a sentence reduction, because the caregiver of his minor children, Crumble's mother, has died. This death of the boys' grandmother occurred less than two years after the death of their mother.

6

Although Crumble's sisters have stepped in to provide interim care, the children are no longer able to live together. Their separation from each other further compounds their loss of their mother and grandmother, as well as their father to incarceration, all within a two-year span. The death of the children's primary caregiver was not anticipated at the time Crumble was sentenced and qualifies as an extraordinary and compelling reason for his release.[1]

The Court also finds that Crumble is not a danger to the community. Indeed, before and after his trial, Crumble was in the community on home confinement for more than a year while he cared for his children. Although he struggled with substance abuse on release, there were no allegations of violence or serious criminal conduct during this time. Crumble's disciplinary record in prison similarly lacks any incidents of dangerous or risky behavior. To further alleviate public safety concerns, the Court will modify the conditions of Crumble's supervised release to include 12 months of home confinement and strict terms of supervision.

Granting compassionate release to Crumble is also consistent with the sentencing factors in 18 U.S.C. § 3553(a). These factors include "the nature and circumstances of the offense" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). To be sure, Crumble's offense was a serious one, and it was extremely fortunate that no one was hurt or killed when he fired his gun at an occupied car in the parking lot of a downtown

---

[1] The Court recognizes that Crumble's obesity, hypertension, and smoking history increase his risk of severe illness should he contract COVID-19, but does not find these health conditions extraordinary and compelling given Crumble's relatively young age of 33 and the COVID-19 vaccination status at Big Sandy USP.

Minneapolis bar. However, Crumble's above-guidelines sentence of 63 months was imposed in part because an earlier 60-month sentence failed to deter him from criminal conduct. Since then, circumstances have changed and left Crumble as the only remaining caregiver for his three children. This vital role in his children's lives should provide strong motivation for Crumble to remain law abiding and deter him from criminal behavior. Given the circumstances, reducing Crumble's sentence to time served and modifying his supervised release terms to include an extended period of home confinement is sufficient to satisfy the sentencing goals of § 3553(a).

When a court grants a sentence reduction, it "may impose a term of . . . supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). In doing so, the court may modify an existing term of supervised release to add a period of home detention, only if it finds that home detention is a "substitute for imprisonment." U.S.S.G. § 5F1.2; see 18 U.S.C. § 3583(e)(2) (providing that the court may "extend a term of supervised release if less than the maximum authorized term was previously imposed" and "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release"). The Court finds home detention is a substitute for imprisonment in this case. See United States v. Alvarado, No. 18-283 (NEB); 2020 WL 3041504, at *2 (D. Minn. May 27, 2020) (finding home detention was a substitute for imprisonment satisfying the § 3553(a) factors); United States v. Walker, No. 11-381 (SRN), 2020 WL 4194677, at *7 (D. Minn. June 26, 2020) (same). The Court therefore orders Crumble's release from custody and requires him to serve the first 12 months of supervised release in home detention.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Cortez Maurice Crumble's Motion to Modify Sentence of Imprisonment [Docket No. 201] is **GRANTED** as follows:

1. Crumble's previously imposed sentence of imprisonment is reduced to time served.

2. Crumble is placed on supervised release and the Court re-imposes the terms and conditions of supervised release as set forth in the May 28, 2019 Judgment [Docket No. 169] with the following amendments:

    a. The defendant shall serve the first twelve (12) months of supervised release on home detention at the release residence approved by the Probation Office in the October 16, 2020 Compassionate Release Investigation [Docket No. 196].

    b. During home detention, the defendant shall be restricted to his residence at all times except for:  employment; education; religious services; medical, substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer.

    c. In its discretion, the United States Probation Office may utilize appropriate location monitoring technology to ensure defendant's compliance with home incarceration.

3. This Order is STAYED for two weeks from the date of the Order to permit the

Bureau of Prisons and Probation Office to assist Crumble's transition from custody to release status.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated: April 26, 2021